UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TRACI BOYD, an individual,

       Plaintiff,

  v.

ATTENTION LLC, a business
entity of unknown form;
PHYLLIS MALLORY, an
individual; WELLS FARGO BANK,
a business entity of unknown
form, and DOES 1 through 25,
inclusive,

       Defendant.

NO. CIV. S 05-1381 MCE JFM

ORDER

----oo0oo----

    Defendant Wells Fargo Bank ("Wells Fargo") has brought a
Motion to Dismiss pursuant to Federal Rule of Civil Procedure
12(b)(6) on grounds that the First Cause of Action pled in
Plaintiff's complaint, while alleging a violation of the Federal
Fair Debt Collection Practices Act ("FDCPA"), fails to state a
claim against Wells Fargo upon which relief can be granted.

    The FDCPA authorizes relief when a "debt collector" violates
its provisions (15 U.S.C. § 1692k).  A "debt collector" is

1

generally defined by the FDCPA as one who is attempting to collect a debt owed or due to another. *See* 15 U.S.C. § 1692a(6). Wells Fargo argues that Plaintiff cannot state a viable claim against it under the FDCPA because whatever actions it took were undertaken to collect its own debt, rather than the debt of another.

In response, Plaintiff concedes the general proposition advanced by Wells Fargo in the present matter, but contends that even an entity like Wells Fargo attempting to collect its own debt may nonetheless incur liability under the FDCPA under certain circumstances. *See* id.; *see also* Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 235-38 (2d Cir. 1998); Tayler v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1239 (5th Cir. 1997). A creditor may still be liable under the FDCPA, for example, if it uses a name other than its own to mislead a consumer into believing that a third party is attempting to collect the debt.

Plaintiff does not oppose Wells Fargo's Motion to Dismiss given her admission that she does not presently know of any conduct on Wells Fargo's part bringing it within the scope of the FDCPA. (Wells Fargo's Response to Motion, 3:14-18). Plaintiff nonetheless argues that she should be permitted to refile a claim under the FDCPA against Wells Fargo should discovery later show that such a claim is indeed warranted. Consequently, while Plaintiff stipulates to dismissal of the First Cause of Action at this time, she requests that such dismissal be made without prejudice.

Given Plaintiff's concession that no viable claim exists at

present against Wells Fargo for violation of the FDCPA, Wells Fargo's Motion to Dismiss Plaintiff's claims against it pursuant to the First Cause of Action is GRANTED.  Said dismissal shall, however, be without prejudice.


     IT IS SO ORDERED.


DATED: September 9, 2005


_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE